892 F.2d 1042
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Arthur Lee McDONALD, Defendant-Appellant.
 No. 89-5065.
 United States Court of Appeals, Fourth Circuit.
 Submitted: Aug. 29, 1989.
Decided: Dec. 22, 1989.
 
 Kenneth P. Andresen, on brief, for appellant.
 David A. Graham, Assistant U.S. Attorney, on brief, for appellee.
 Before MURNAGHAN and WILKINSON, Circuit Judges, and BUTZNER, Senior Circuit Judge.
 PER CURIAM:
 
 
 1
 Arthur Lee McDonald was indicted for three separate bank robberies occurring on the 9th, the 17th and the 22nd of November 1988. Different banks and different victims were involved in each case. He pleaded guilty to two of the offenses.
 
 
 2
 The district judge, in applying the Sentencing Guidelines, determined that the defendant's conduct deserved a two-unit increase based upon the combined offense level pursuant to § 3D1.4 of the Guidelines. McDonald contends that since each count involved only one crime, neither can be considered a "Group" for purposes of determining "combined offense level." But an illustration of the operation of the multiple-count rules in the Sentencing Guidelines provides an example clarifying the lack of substance in the defendant's contention. The example reads: "Defendant A was convicted on four counts, each charging robbery of a different bank. Each would represent a distinct Group."
 
 
 3
 The word "Group" is employed with attention not on each individual count but with the focus on whether or not the crimes charged in several counts, each perhaps involving only a single crime, should be amalgamated to constitute a combined offense. That depends on whether "[a]ll counts involving substantially the same harm shall be grouped together into a single Group." Sentencing Guidelines § 3D1.2.
 
 
 4
 It is unmistakable that the two counts to which McDonald pleaded guilty involved separate victims and separate bank robberies occurring on different dates. Consequently, the two counts to which McDonald pleaded guilty do not involve "substantially the same harm." Id. The two offenses cannot, in the respect pertinent here, be grouped together. McDonald's point is, therefore, lacking in merit. The determination of sentence is
 
 AFFIRMED.[1]
 
 
 [1]
 Review of the briefs and record discloses that the question presented can be decided on that basis and oral argument is not required. We, therefore, have proceeded to decide the case on the basis of the briefs and record